IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JEREMY GENE POLLITT,**

    Plaintiff,

vs.                                                       No. 12cv248 RHS/WDS

**UNITED AIRLINES CORP.,**

    Defendant.

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

THIS MATTER comes before the Court on Defendant's Motion to Dismiss Or, in the Alternative, for Summary Judgment (Doc. 7). The Court has now considered the motion together with Plaintiff's "Motion for Response" (Doc. 11) and Defendant's reply (Doc. 13) and hereby concludes that the motion is well-taken and should be granted. The Court agrees with and adopts the arguments and authorities propounded by Defendant. The Court concludes that this action should be dismissed as it is barred by the doctrine of preclusion and it also fails to state a claim for which relief can be granted.

Claim preclusion requires: (1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits. Yapp v. Excel Corp., 186 F.3d 1222, 1226 (citation omitted). Plaintiff filed a lawsuit identical to the instant suit on August 16, 2011 (See *Jeremy Gene Pollitt v. United Airlines Corp.,* No. 11cv723 DJS/KBM). The case was assigned to Judge Svet and the parties agreed to having Judge Svet decide the action on the merits. It appears uncontested that in the earlier suit before Judge Svet, Plaintiff alleges that he was a former employee of Defendant who was terminated from employment on June 16, 2009. Defendant filed its Motion to Dismiss on September 2, 2011 (See No. 11cv723, Doc. 6). Plaintiff did not respond. "The failure of a party to file and

serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR Civ. 7.1(b).  Despite Plaintiff's failure to respond, the Court reviewed the case on its merits, granted the motion to dismiss and entered final judgment against the Plaintiff.  Plaintiff did not appeal that decision.  This new complaint in the above-captioned cause represents the same event of employment termination as the matter brought earlier before Judge Svet.  These facts show that all three elements of claim preclusion are satisfied.  Recognizing that Plaintiff is proceeding *pro se*, the Court construes Plaintiff's Motion for Response (Doc. 11) to be a general objection to the granting of Defendant's Motion to Dismiss (Doc. 7), but Plaintiff's Motion for Response does not articulate an understandable response to Defendant's Motion to Dismiss.

Plaintiff's Complaint (Doc. 1) also fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Even though this is Plaintiff's second lawsuit in federal court, the Complaint consists of incomprehensible phrases that do not create understandable sentences, let alone refer to any factual data that could be liberally construed to state a claim for relief in any court of law.  To the extent that Plaintiff's reference to "FMLA Act" states a claim without further elaboration, that claim is *res judicata* because it was adjudicated in his previous lawsuit and dismissed with prejudice (No. 11cv723 Doc. 23).

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Or, in the Alternative, for Summary Judgment (Doc. 7) be and the same hereby is granted and the above-captioned cause is hereby dismissed with prejudice.

       *Robert Hayes Scott*
ROBERT HAYES SCOTT
U.S. MAGISTRATE JUDGE